IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Margaret Gail Goodman, ) | C/A No. 4:10-1883-JFA-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Margaret Gail Goodman, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed and remanded. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The Commissioner has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of September 4, 2005, due to

3

limitations from a traumatic brain injury, post concussive benign paroxysmal positional vertigo, and lumbar nuclear pulposus, resulting from a motor vehicle accident. The plaintiff was 39 years old at the time she alleges she became disabled. She has a high school education and past relevant work experience as a cashier, waitress, packager, and lighting maintenance worker. At the time of the hearing before the ALJ, the plaintiff was working part-time at a local fast food restaurant.

The plaintiff's applications for DIB and SSI, filed February 22, 2006, were denied initially and upon reconsideration. The ALJ held a hearing and then issued a decision on November 28, 2008, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on July 20, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that the plaintiff had the following severe impairments: traumatic brain injury, post-concussive benign paroxysmal positional vertigo, and lumbar herniated nuclear pulposus. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed at 20 C.F.R. pt. 404, subpt. P, app.1. The ALJ determined that plaintiff's subjective complaints were not fully credible, and that she had the residual functional

4

capacity (RFC) to perform a range of sedentary work that did not involve working around hazards, such as dangerous machinery and heights. Relying on the testimony of the Vocational Expert (VE), the ALJ then found that, while plaintiff could not perform her past relevant work because it was light work, she could perform other work existing in significant numbers in the national economy, including the sedentary occupations of food order clerk, assembler, and quality control examiner/inspector. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

### *The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1) failing to give proper weight to the treating medical source opinions of Dr. Buncher regarding the nature and extent of the plaintiff's functional limitations;

(2) relying on the testimony of the VE, as such testimony was not consistent with the Dictionary of Occupational Titles (DOT);

(3) finding that plaintiff was not disabled, as the defendant failed to carry its burden of proving that there are a significant number of jobs in the national economy that the plaintiff can perform considering her age, education and work experience.

The plaintiff also contends that the ALJ's decision is not supported by competent substantial evidence.

### *The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the ALJ erred in failing to obtain an explanation from the VE regarding an apparent conflict between the VE's testimony that a claimant could perform a job that the DOT classified as having an SVP level higher than two, when the ALJ limited the claimant to performing simple and repetitive tasks. The Magistrate Judge then

5

notes that while there may be substantial evidence to support the Commissioner's decision, the court cannot speculate on a record devoid of the appropriate administrative analysis. Thus, the Magistrate Judge recommends that the Commissioner's decision be reversed and remanded for further administrative action.

## DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*The Commissioner's Objections to the Report*

In his objections to the Report, the Commissioner repeats the arguments made in his initial brief to the court contending that there was no conflict between the VE's testimony in response to the ALJ's hypothetical question and the information contained in the DOT. This issue has already been addressed in the plaintiff's briefs and in the Magistrate Judge's Report and Recommendation.

Nevertheless, the court agrees with the Magistrate Judge's conclusion that while the ALJ did ask the VE at the hearing whether his testimony was consistent with the DOT (to which the VE responded in the affirmative), the VE's testimony was inconsistent with the DOT. As a result of this inconsistency between the hypothetical and the VE's testimony, and the fact that the ALJ relied on the VE's testimony in reaching his conclusion, the Magistrate Judge could not find that substantial evidence supported the ALJ's decision. "When an

6

ALJ's relies upon testimony from a VE that is incorrect . . ., then the ALJ's decision is not supported by substantial evidence and thus a remand is necessary." *English v. Shalala*, 10 F.3d 1080, 1084–85 (4th Cir. 1993).

This court has conducted a de novo review of the Commissioner's objections, and, finding that the Report is proper, this court concurs with both the reasoning and the result reached by the Magistrate Judge.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is reversed and remanded to the Commissioner for further administrative action as set out above.

IT IS SO ORDERED.

September 19, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge